Joseph A. Suozzi, J.
In this proceeding pursuant to article 78 of the Civil Practice Law and Rules for a judgment directing the respondents to require each voter at a special election to be held on February 15, 1964 “ to designate on a poll list next to such person’s name either (1) the lot, block and section number, or (2) the street address of the property assessed upon the last assessment roll of respondent Town which such person owns ”, the respondents’ motion pursuant to subdivision (f) of section 7804 of the Civil Practice Law and Rules to dismiss the petition is granted.
The petition does not reveal that the respondents as a matter of law are required to note the information requested. The Legislature has stated the procedure for the conduct of town elections (Town Law, § 83). The respondents intend to comply with that statute. For this court to grant the relief requested would require the respondents to adopt a procedure beyond that required by statute. In a mandamus type article 78 proceeding the court may only compel the performance of “ a duty enjoined upon it [the respondents] by law ” (CPLR 7803, subd. 1).
That the Legislature was aware of the fact that in some situations it might be desirable to obtain detailed information concerning the property owned by the prospective voter is clear. In section 84 of the Town Law the Town Boards are authorized to require personal registration not more than 15 and not less than 10 days before the special election at which the information requested herein would be obtained. But the discretion is imposed in the Town Board as to whether such registration should be held. Whether or not personal registration should be made mandatory is a decision which only the Legislature can make.
In the absence of a requirement in the statute that the information requested be furnished, the court will not in the exercise of its discretion make a direction at this late hour, but one day before the election, in a proceeding commenced by service of an order to show cause on February 11,1964. The task of instructing hundred of inspectors for the 142 election districts, let alone the voters, is too great for such a limited period of time.
It is unrealistic to expect that property owners are able to identify their property by section, block and lot number without *440 reference to their tax bill or a recorded deed. It was pointed out that at least 40% of the tax bills in the town do not go directly to the property owners but are forwarded to banks or mortgage servicing organizations, and at least in these instances the tax bill would not be available for easy reference. Therefore, unless the voter has his deed readily available and is aware that this information is on his deed, he must look to the town for this information. Not only would such a burden be impossible for the town to assume at this late hour, but to require it to be done can only serve to frustrate rather than encourage the exercise of the franchise.
A direction requiring the voters to identify the property owned by them by street address serves no useful purpose insofar as the conduct of the election itself is concerned, since each voter is required to certify before voting that he or she is an owner of property assessed upon the last preceding assessment roll of the town, and is required to give his or her name and address as required by section 83. It is presumed that only those qualified will vote, and absent any evidence to the contrary, the address given would in most cases be the same as the property owned by the voter. Such a direction would at best be an aid to the petitioner and the opponents to the proposition to be voted upon in their investigation after the election as to whether or not the voter was or was not a property owner and thereby qualified to vote in this election.
While the court might not have been averse to requiring identification by street .address on a timely application, the court must refuse to do so on an application made on the eve of the election.